William D. Hyslop
United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | Case No.: 2:19-CR-00215-TOR-3 |
|---|---|
| Plaintiff, | |
| vs. | **GOVERNMENT'S** |
| | **SENTENCING MEMORANDUM** |
| TABITHA SHINEFLEW, | |
| Defendant. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, submits the following memorandum setting forth the government's position at sentencing.  The government recommends that the Court sentence the defendant to a term of imprisonment at the low end of the advisory guideline range, as well as a five-year term of supervised release.

**GOVERNMENT'S SENTENCING MEMORANDUM - 1**

1

## **BACKGROUND**

Defendant Tabitha Shineflew is being sentenced for her role in a 10-defendant bank fraud conspiracy.  Defendant pleaded guilty pursuant to a written plea agreement, wherein the government agreed to recommend a sentence within the advisory guideline range determined by the Court, Defendant agreed to pay restitution in the amount of $2,000, and both parties agreed to recommend a five-year term of supervised release.  ECF No. 230.  Neither party filed objections to the initial Presentence Investigation Report (PSR).

## **LEGAL ANALYSIS**

The Ninth Circuit has set forth a basic framework which the district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1)    Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2)    Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties.  Courts may not presume that the guidelines range is reasonable.  Nor should the guidelines factors be given more or less weight than any other.  They are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3)    If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

**GOVERNMENT'S SENTENCING MEMORANDUM - 2**

(4)    Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## SENTENCING CALCULATION

### I.    Statutory Maximum and Minimum Sentence

For the defendant's conviction for conspiracy to commit bank fraud, the Court may impose a term of imprisonment of up to 30 years, a fine of up to $1,000,000 or double gross proceeds, a term of supervised release of up to five years, and a special assessment of $100.  PSR ¶¶ 67, 69, 74.

### II.    United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 49 (2007).

#### A.    Offense Level Calculation

The PSR correctly calculated the defendant's total offense level as 10.  PSR ¶ 33.

#### B.    Criminal History Calculation

The PSR correctly calculated the defendant's criminal history category as category I, based on a total of zero points. PSR ¶ 39.

#### C.    Advisory Guideline Range

The advisory range in this case is 6-12 months.  PSR ¶ 68.

**GOVERNMENT'S SENTENCING MEMORANDUM - 3**

# IMPOSITION OF SENTENCE

**I.    Imposition of a Sentence under 18 U.S.C. § 3553**

    A.    18 U.S.C. § 3553(a) factors

        1.    The nature and circumstances of the offense

Defendant successfully passed two stolen and/or counterfeit checks, in the total amount of $2,500.  PSR ¶¶ 14-15.  Defendant passed the checks under a false identity, into an account of the same name.  *Id*.  Defendant withdrew $2,000 in cash from the account.  *Id*.

Defendant also had a hand in creating false identifications for members of the bank fraud conspiracy, presumably a skill she learned from her husband.  At least one co-defendant described Defendant making him a false identification he then used to pass at least one fraudulent check.  PSR ¶ 17.  Law enforcement seized from the apartment in which Defendant was living ink screens with Washington State logos, bank account information and social security numbers of non-conspirators, a Washington State enhanced driver's license in the same name under which Defendant passed the aforementioned checks, and $9,225.37 in stolen checks.  PSR ¶ 16.

The nature and circumstances of Defendant's offense support a within-guideline range sentence.

**GOVERNMENT'S SENTENCING MEMORANDUM - 4**

2.    <u>The history and characteristics of the defendant</u>

Defendant's history and characteristics support a low-end-guideline sentence. Of all the co-defendants thus far, Defendant has the least criminal history, and appears to have made the most significant efforts at rehabilitation, since even before the birth of her child.

3.    <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

Although not a violent crime, fraud is not a victimless crime. A sentence within the advisory guideline range provides just punishment in this instance.

4.    <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

A sentence at the low end of the guideline range serves the goals of deterrence and protection of the public.

5.    <u>The kinds of sentences available</u>

The Court may sentence defendant to prison, impose a fine, and include a term of supervised release of up to five years. PSR ¶¶ 67, 69, 74. Probation is precluded by statute. PSR ¶ 71.

6.    <u>The established sentencing range</u>

The advisory guideline imprisonment range is 6-12 months. PSR ¶ 68.

7.    <u>The need to avoid unwarranted sentence disparities</u>

A guideline sentence would avoid unwarranted sentence disparities.

**GOVERNMENT'S SENTENCING MEMORANDUM - 5**

8. <u>The need to provide restitution to any victims of the offense</u>

Defendant stipulated in her plea agreement to pay restitution in the amount of

$2,000, to Numerica Credit Union.  ECF No. 230 at 8.  The government request that

this restitution be joint and several with the following co-defendants, as follows:

Jordan Yates, in the amount of $679;
Brittany McDaniel, in the amount of $679;
Anthony Wright, in the amount of $407.40 (sentencing scheduled October 21,
2020); and
Tyler Bordelon, in the amount of $271.60.

The government contemplates Defendant's restitution being further joint and

several with Angus Johnston and Jonny Shineflew, who have not yet been sentenced.

B. <u>Application of the Guidelines in Imposing a Sentence under 18
U.S.C. § 3553(b)</u>

The government's low end recommendation, as a recommendation within the

advisory guidelines, is based in part on the fact that such a sentence properly reflects

the accumulated wisdom and expertise of the Sentencing Commission, and serves the

vital goal of uniformity and fairness in sentencing.  The guidelines, formerly

mandatory, now serve as one factor among several that courts must consider in

determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90

(2007).  It remains, however, that "the Commission fills an important institutional

role:  It has the capacity courts lack to base its determinations on empirical data and

national experience, guided by a professional staff with appropriate expertise." *Id.* at

108-09 (internal quotation marks omitted).  Thus, "the Commission's

**GOVERNMENT'S SENTENCING MEMORANDUM - 6**

recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The guidelines are the sole means available for assuring some measure of uniformity in sentencing, thereby fulfilling a key congressional goal in adopting the Sentencing Reform Act of 1984.  Reference to the guidelines, while carefully considering the 3553(a) factors, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments. Therefore, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process."  *Gall*, 552 U.S. at 50 n.6.

The guidelines deserve significant respect.  The government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness.  A district court, however, must consider the guidelines range, *see* § 3553(a)(4), and is usually well-advised to follow the Sentencing Commission's advice in order to assure fair, proportionate, and uniform sentencing of criminal offenders.  Moreover, there are no other 3553(a) factors in this case which mitigate against imposition of a sentence within that range; to the contrary, the 3553(a) factors on balance support the imposition of the recommended guidelines sentence.  Accordingly, the government recommends a sentence within the advisory guideline range.

**GOVERNMENT'S SENTENCING MEMORANDUM - 7**

## **CONCLUSION**

Application of 18 U.S.C. § 3553 supports a sentence within the advisory guideline range.  On balance, a sentence at the low end of the advisory guidelines range is sufficient, but not greater than necessary, to accomplish the goals of sentencing.  Imposition of a sentence which incorporates home detention pursuant to U.S.S.G. § 5C1.1(e) may be appropriate.

Dated:  October 14, 2020.

William D. Hyslop
United States Attorney

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

**GOVERNMENT'S SENTENCING MEMORANDUM - 8**

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

**GOVERNMENT'S SENTENCING MEMORANDUM - 9**